CECILIA L. PALMER *vs.* EVANGELICAL BAPTIST BENEVOLENT
AND MISSIONARY SOCIETY & others.

Suffolk.   March 27, 1896. — May 21, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Party Wall — Deed — Equity.*

A., who had a house, one wall of which was on the boundary line between his premises and B.'s, made a deed poll authorizing B. to build a party wall as indicated by a plan drawing referred to, which showed a wall going to a height a little above A.'s first floor.  The deed provided that "said wall when so built shall be and remain a party wall," and that A., upon "the completion of said wall," shall pay a certain sum "as full payment for one half of said entire wall"; "it being understood that either party may add to said wall in height . . . or in case of destruction rebuild said wall, or any wall resting thereon, or any addition thereto, . . . using good materials and workmanship, and conforming to the building laws, and doing work from his own side if the other side is built upon."  B. built a sufficient party wall to the height above mentioned under A.'s wall, which thereafter was supported by it, occupied all of A.'s side of the division line, and in part extended across it.   B. was erecting a large building, the intention to erect which was known to A. when he made the deed, and needed a much higher wall on the line.  To have carried the party wall higher would have necessitated widening the foundation, which could not have been done on A.'s side of the division line because of a passageway there upon which he had no right to encroach.  It also would have required the removal of A.'s wall, under which the party wall had been built.  B. accordingly built a wall, the outer face of which was about four inches on B.'s side of the division line, on top of A.'s wall.  *Held*, that A. could not maintain a bill in equity to compel the removal of the wall built by B. above his half of the party wall.

BILL IN EQUITY, filed June 4, 1895, to compel the removal of a wall built by the first named defendant above its half of a party wall.  Hearing before *Barker*, J., who reserved and reported the case for the determination of the full court; such decree to be entered therein as justice might require.  The facts appear in the opinion.

*A. Hemenway & F. Rackemann*, (*J. D. Colt* with them,) for the plaintiff.

*S. Lincoln*, for the first named defendant.

HOLMES, J.  The wall complained of is not fit for use as a party wall, and the main question is whether the defendant was bound, if it built, to make a wall fit for such use.  This depends upon the construction of one or two ambiguous phrases in the

deed attached to the plaintiff's bill. At the date of the deed the plaintiff had a house, one wall of which was on the boundary line between the plaintiff and the defendant. The deed authorizes the defendant to build a party wall as indicated by a plan drawing referred to. The drawing indicates a wall going to a height a little above the plaintiff's first floor. The defendant built a sufficient party wall to the height mentioned under the plaintiff's wall, which thereafter was supported by it and occupied all of the plaintiff's side of the division line, and in part extended across it. The defendant was erecting a large building, and needed a much higher wall on the line. To have carried the party wall higher would have necessitated widening the foundation, which could not be done on the plaintiff's side of the division line because of a passageway there, upon which she had no right to encroach. It also would have required the removal of the plaintiff's wall just mentioned, under which the party wall had been built. The defendant, therefore, built the wall which is the subject of this suit on top of the plaintiff's wall. Its outer face is about four inches on the defendant's side of the division line.

The deed on which the plaintiff relies does not disclose a thoroughly thought out scheme, and, as it is a deed poll executed by the plaintiff alone, will be construed more favorably for the defendant in case of any real doubt as to its meaning.

It provides that " said wall when so built shall be and remain a party wall," and that the plaintiff, upon the completion of said wall, shall pay four hundred and fifty dollars as full payment for one half of said entire wall. The words " said wall " here, we think, mean the wall of the height shown in the plan. The instrument makes an antithesis between the " said wall " and " any wall resting thereon or any addition thereto." * It also provides for a further payment for any addition, when used by

---

* The clause in the deed herein referred to reads as follows : "It being understood that either party may add to said wall in height, depth, or thickness, and in case of damage or defective condition may repair or replace or in case of destruction rebuild said wall, or any wall resting thereon or any addition thereto, carrying up flues and the like to leave the other party as near as may be in as good condition as before, and using good materials and workmanship, and conforming to the building laws, and doing work from his own side if the other side is built upon."

the party not making the same. The words under which the defendant has proceeded are, "It being understood that either party may add to said wall in height . . . using good materials and workmanship, and conforming to the building laws, and doing work from his own side if the other side is built upon." The last words, in our view, qualify the permission to add to the wall, as well as the intervening one to repair or rebuild.

The words contemplate that existing walls, such as the plaintiff's, may be left standing, and, as we have said, this would have had to be removed for a continuous party wall. The addition to the thickness required, if the party wall was to be carried higher, was not only impossible on the plaintiff's side, but was expressly provided against by the deed. At the same time, the plaintiff, when she executed the instrument, knew that the defendant was about to erect a large building, which of course would need high walls. Under these circumstances, while it may be admitted that the deed has some language looking to the possibility of the party wall being raised higher, it seems to us reasonable to construe it as also permitting the party who finds one half of the space occupied to build a separate wall to suit himself, without further restrictions than those expressed as to materials and workmanship, and those contained in the building law as to external walls not party walls.

*Bill dismissed.*